# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JORDAN JOSEPH KINARD,** | )<br>) |
| Plaintiff, | ) Case No. 7:17CV00182<br>) |
| v. | ) **OPINION**<br>) |
| **CAPTAIN D.B. COLLINS,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Jordan Joseph Kinard, Pro Se Plaintiff.*

The plaintiff, Jordan Joseph Kinard, a Virginia inmate proceeding pro se, has filed a civil rights action under 42 U.S.C. § 1983. Because Kinard has previously had at least three federal lawsuits dismissed as frivolous or for failure to state a claim and has not shown imminent danger of physical harm related to his present claim and has not prepaid the filing costs for the action, I find it appropriate to summarily dismiss the case without prejudice.

Kinard alleges that on February 12, 2015, at Red Onion State Prison ("Red Onion"), Captain D.B. Collins pepper sprayed him as he lay on the floor, experiencing severe abdominal pain. Collins believed that Kinard was faking a medical emergency, ordered him to stand and be handcuffed, and then jerked the cuffs so as to cause injury to Kinard's left hand. Thereafter, Collins put Kinard back in his cell and left him for seven days without a change of clothing or hygiene

items to remove the spray.  As relief in this action, Kinard seeks monetary damages.

The Prison Litigation Reform Act of 1995 substantially amended 28 U.S.C. § 1915, the in forma pauperis statute.  One purpose of the Act was to require all prisoner litigants suing government entities or officials to pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust account.  § 1915(b).  Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury."  § 1915(g).

Court records available on line indicate that the plaintiff has accumulated three strikes under § 1915(g): *Kinard v. Hendricks*, No. 2:07-cv-00461-JBF-JEB (E.D. Va. Nov. 1, 2007); *Kinard v. Sanchez*, No. 2:07-cv-00355-JBF-JEB (E.D. Va. Aug. 6, 2007); and *Kinard v. Land*, No. 2:07-cv-00079-JBF-TEM (E.D. Va. April 11, 2007).  All three of these cases were dismissed under 28 U.S.C. § 1915A(b)(1), which authorizes summary dismissal of prison conditions cases as frivolous, malicious, or for failure to state a claim.  In addition, prior actions have been dismissed under § 1915(g) for three prior strikes.  *Kinard v. Collins*, No. 7:16CV00353, 2016 WL 4059188 (W.D. Va. July 29, 2016); *Kinard v. Dulaney*,

7:15CV00254, 2015 WL 3752500 (W.D. Va. June 16, 2015), *appeal dismissed,* No. 15-7278 (4th Cir. Nov. 4, 2014) (unpublished); *Kinard v. Va. Dep't of Corrs.,* No. 7:14CV00268 (W.D. Va. May 28, 2014).  Accordingly, Kinard may proceed without prepayment of the filing fee only if he can show imminent danger of serious physical injury.

Kinard's allegations about one past incident do not suggest any respect that Kinard was in imminent danger of physical harm at the time he filed this action in April 2017.  Thus, I cannot find that Kinard has shown imminent danger of physical harm related to his present § 1983 claims, as required under § 1915(g) for him to proceed without prepayment of the full filing costs for the case. Accordingly, I will dismiss the action without prejudice.

A separate Final Order will be entered herewith.

DATED:  May 8, 2017

/s/  James P. Jones
United States District Judge